RECEIVED

NOV 0 7 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| FRED OTIS CARTER, JR. | CIVIL ACTION NO. 05-1695-P |
| VERSUS | JUDGE STAGG |
| WARDEN | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner Fred Otis Carter, Jr., pursuant to 28 U.S.C. § 2254. This petition was received and filed in this Court on September 26, 2005. Petitioner is incarcerated in the Bossier Sheriff Correctional Facility in Plain Dealing, Louisiana. He challenges his state court conviction. Petitioner names the Warden of Bossier Sheriff Correctional Facility as respondent.

On October 11, 2005, Petitioner was convicted of one count of felony theft by fraud in the Twenty-Sixth Judicial District Court, Parish of Bossier. Petitioner claims he has not been sentenced.

In support of this petition, Petitioner alleges (1) his due process rights were violated, (2) he was denied access to the courts, and (3) he was denied a fair trial and the right to present a defense.

For the reasons stated below, Petitioner's application for habeas relief should be dismissed without prejudice for failure to exhaust state court remedies.

## LAW AND ANALYSIS

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. See Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, (1971); Rose, 455 U.S. at 509, 102 S. Ct. at 1198. Moreover, in the event that the record or the habeas corpus petition, on its face, reveals that the petitioner has not complied with the exhaustion requirement, a United States district court is expressly authorized to dismiss the claim. See Resendez v. McKaskle, 722 F.2d 227, 231 (5th Cir. 1984).

Petitioner admits in his petition that he has not filed his claims in the Supreme Court of Louisiana. Petitioner states that he has not filed a direct appeal or an application for post-conviction relief or other collateral review. [Doc. 3]. Thus, Petitioner has failed to exhaust all available state court remedies prior to filing his petition in this Court.

Accordingly;

IT IS RECOMMENDED that Petitioner's application for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions that were accepted by the district court and not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED, in chambers, in Shreveport, Louisiana, this 7th day of November 2005.

CC:TS

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE